[J-30-2021] [MO: Dougherty, J.]
IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

| IN RE:  ADOPTION OF: C.M., A MINOR | : | No. 1 MAP 2021 |
| | : | |
| | : | Appeal from the Order of the |
| APPEAL OF:  B.M., MOTHER AND D.M. | : | Superior Court dated September 3, |
| AND P.M., MATERNAL GRANDPARENTS | : | 2020 at No. 3060 EDA 2019, |
| | : | reconsideration denied October 14, |
| | : | 2020, reversing the Decree dated |
| | : | September 27, 2019 in the Court of |
| | : | Common Pleas of Montgomery |
| | : | County, Orphans' Court, at No. |
| | : | 2019-A0053 and remanding. |
| | : | |
| | : | ARGUED:  April 14, 2021 |

## CONCURRING AND DISSENTING OPINION

**JUSTICE TODD**                                                    **DECIDED:  July 21, 2021**

I join Parts I and II of the majority opinion, and join its discussion and application of *In re Adoption of M.R.D.*, 145 A.3d 1117 (Pa. 2016), in Part III.A.  However, I dissent with respect to the majority's decision to address Father's sufficiency claim and affirm on that basis without additional briefing.

We granted review in this matter to address the Superior's Court's reliance on our decision in *M.R.D.* and its related conclusion that the proposed adoption constituted unlawful custody gamesmanship.  I fully support the majority's resolution of those two issues.  Before the Superior Court, however, Father also argued that, regardless of the resolution of the above issues, the evidence was insufficient under 23 Pa.C.S. § 2511(a)(1) to support the termination of his parental rights.  The Superior Court did not address this sufficiency question.  As a result, Mother, Grandparents, and C.M. did not seek review of Father's claim.  Unsurprisingly, given that our order granting review was

explicitly focused on *M.R.D.* and the gamesmanship issues, Mother, Grandparents, and C.M. did not brief the sufficiency question before us. While, as the majority notes, Father did raise this issue in his appellee brief, Mother, Grandparents, and C.M. have been given no notice that we might dispose of their appeal on this distinct basis. Moreover, in justifying its decision to address the sufficiency issue, the majority seems to suggest that an appellant has an obligation to respond in a *reply* brief to an issue we did not accept for review raised in an *appellee* brief, because – you never know – we might *sua sponte* decide to resolve an appeal in a fashion contrary to our own order granting review. *See* Majority Opinion at 30 ("Despite the fact that a considerable portion of Father's present argument is devoted to the sufficiency of the evidence underlying the termination of his parental rights, neither the appellants nor child's counsel submitted a reply brief providing further response to the claim.").

I certainly agree with the majority that weighty interests are at stake in termination proceedings and I share the majority's concern that the resolution of a child's legal status should not be unnecessarily delayed. *See* Majority Opinion at 30. Nevertheless, those same interests and concerns counsel in favor of notice to, and full briefing from, the parties regarding the issues we may deem dispositive. Thus, I cannot support the majority's decision to resolve the sufficiency issue at this juncture, absent full briefing. Notably, the case the majority cites in support of its decision to resolve the sufficiency question supports my position, as, in that case, the issue had been fully briefed by the parties. *See R.R.M. v. Com., Dep't of Pub. Welfare*, 786 A.2d 176, 185 (Pa. 2001) ("More importantly, the arguments on the question have been well and candidly forwarded, on all sides, so as to facilitate this Court's immediate resolution.") *cited in* Majority Opinion at 30. Indeed, we indicated therein that sufficient briefing was more important than concerns about the interests at stake or judicial economy. *Id.*

Accordingly, before addressing the sufficiency question, I would order expedited briefing on the issue. Moreover, if they so chose, I would allow the parties to rest their arguments in this regard on the briefs they filed in the Superior Court.